IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LISA M. WILHELM, on behalf of and as
Parent, Guardian and next friend of
VALERIE J. WILHELM,

       Plaintiffs,

v.                                                Civil Action No. 3:10-cv-109

MICHAEL CAIN and TAMARA CAIN,

       Defendants/Third-Party Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE COMPANY
and MTG & EQUITY FUNDING CORPORATION,

       Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
THIRD-PARTY PLAINTIFFS' MOTION TO COMPEL**

This matter comes before the Court on Third-Party Plaintiffs', Michael and Tamara Cain, Motion to Compel Discovery Answers and Responses from Third-Party Defendant, Liberty Mutual Insurance Company, filed October 22, 2010.[1] The Court held an evidentiary hearing and argument on Third-Party Plaintiffs' Motion on November 17, 2010.[2] Third-Party Plaintiffs, Michael and Tamara Cain, appeared by Laura C. Davis, Esq., by telephone. Third-Party Defendant, Liberty Mutual Insurance Company (hereinafter "Liberty Mutual"), appeared by

---

[1] Dkt. No. 4. The Court acknowledges that the first-party action has been remanded. See Dkt. No. 28. Only the first-party action was remanded, however, and no stay has been issued as to the third-party action.

[2] Dkt. No. 20.

1

William M. Harter, Esq., in person. Third-Party Defendant, Mortgage & Equity Funding Corporation (hereinafter "MTG"), appeared by Lucien G. Lewin, Esq., by telephone. No testimony was taken nor was any other evidence adduced.

## I. INTRODUCTION

A. Background

This action was initially filed on November 19, 2009 in the Circuit Court of Jefferson County, West Virginia, seeking recovery for injuries sustained by Plaintiff, Valerie J. Wilheim, while she was present at Defendants'/Third-Party Plaintiffs' home. Liberty Mutual and MTG timely removed to federal court pursuant to 28 U.S.C. § 1446 on July 29, 2009 alleging diversity jurisdiction.

B. The Motion

Third-Party Plaintiffs' Motion to Compel Discovery Answers & Responses from Liberty Mutual Insurance Company.[3]

C. Decision

Third-Party Plaintiffs' Motion to Compel discovery responses from Liberty Mutual is hereby **GRANTED** for the following reasons.

## II. FACTS

1. On October 22, 2010, Third-Party Plaintiffs filed a Motion to Compel Discovery Answers & Responses from Liberty Mutual Insurance Company.[4]

2. This Court set an evidentiary hearing and argument on Third-Party Plaintiffs' Motion

---

[3] Dkt. No. 4.

[4] Id.

2

to Compel on November 3, 2010.[5]

3. On November 16, 2010, Third-Party Defendant, Liberty Mutual, filed its Response in Opposition to Third-Party Plaintiffs' Motion.[6]

4. The evidentiary hearing and argument was held on November 17, 2010.[7]

### III. THIRD-PARTY PLAINTIFFS' MOTION TO COMPEL

A. Contentions of the Parties

Third-Party Plaintiffs (hereinafter "Plaintiffs") move for an order compelling Liberty Mutual to respond, fully and completely, to Plaintiffs' discovery requests. Plaintiffs argue Liberty Mutual was served with interrogatories "concerning Liberty Mutual's breach of its first-party duties to the [Plaintiffs] as well as its violations of the UTPA...." which Liberty Mutual failed to answer timely. See Third-Party Pls.' Mot. to Compel, Page 5 (Dkt. 4). Plaintiffs also contend Liberty Mutual's subsequent objections to Plaintiffs' discovery requests pursuant to W.Va. Code § 33-11-4a are without merit. Plaintiff highlights that Liberty Mutual "failed to provide a verification for its answers to Plaintiffs' interrogatories...[a]lthough Liberty Mutual filed mostly objections...." Id. at 6. Thus, Plaintiffs argue Liberty Mutual's responses must be compelled because its objections are untimely and are also without merit.

In its opposition to Plaintiffs' Motion, Liberty Mutual argument is fourfold. Liberty Mutual argues procedurally that because the parties have yet to confer pursuant to Fed. R. Civ. P. 26(f), Plaintiffs' Motion is premature. Liberty Mutual proffers an additional procedural

---

[5] Dkt. No. 9.

[6] Dkt. No. 17.

[7] Dkt. No. 20.

3

argument that Plaintiffs did not comply with the "good faith" duty required before filing Plaintiffs' Motion to Compel. Substantively, Liberty Mutual contends its objections should stand because Liberty Mutual's counsel delayed making such objections to allow Plaintiffs' counsel to "realize that [Plaintiffs] have no viable claim against Liberty Mutual...." See Def.'s Resp., Page 7 (Dkt. 17). This, Liberty Mutual contends, constitutes the requisite "good cause" which would absolve the alleged untimeliness. Additionally, Liberty Mutual argues that while Rule 33 of the West Virginia Rules of Civil Procedure provides for waiver, "no similar punishment exists under Rule 34." Id. Liberty Mutual ultimately maintains its discovery responses were proper and are a sufficient basis for the Court to deny Plaintiffs' Motion.

B.  Discussion

  1.  **Fed. R. Civ. P. 26(f) & Its Effect on Plaintiffs' Motion to Compel**

Rule 26(f) of the Federal Rules of Civil Procedure requires parties to an action to confer at an early stage in the litigation to discuss various subjects identified in the rule including discovery, and to develop a proposed discovery plan for submission to the Court. Fed. R. Civ. P. 26(f). The rule provides, in relevant part, as follows:

> Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or *when the court orders otherwise*, the parties must confer as soon as practicable–and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b). (emphasis added).

Fed. R. Civ. P. 26(f)(1).

Additionally, Federal Rule of Civil Procedure 26(d)(1) sets the timing and sequence of discovery. Rule 26(d)(1) places such matters within the sound discretion of the Court. Fed. R.

Civ. P. 26(d)(1).

Liberty Mutual contends "Rule 26 of the Rules of Civil Procedure...obligates the parties to confer regarding...a discovery plan." See Def.'s Resp., Page 5 (Dkt. 17). Liberty Mutual cites November 26, 2010 as the date set for the parties' Rule 26(f) conference and argues Plaintiffs' Motion is premature because such conference is required before discovery can begin. Upon reflection of the specific rules, the Court finds Liberty Mutual's argument unpersuasive. Rule 26(f) explicitly authorizes a court to otherwise order that a Rule 26(f) conference need not occur in a specific proceeding. Fed. R. Civ. P. 26(f)(1); See also OMG Fidelity, Inc. v. Sirius Technologies, Inc., 239 F.R.D. 300 (N.D.N.Y. 2006) (plaintiff granted permission to engage in immediate pretrial discovery although parties had not yet conferred pursuant to Fed. R. Civ. P. 26(f)). Moreover, Rule 26(d) authorizes expedited discovery "when authorized by these rules, by stipulation, or by *court order*." Fed. R. Civ. P. 26(d)(1) (emphasis added). Notwithstanding, the Court finds the date for the scheduled Rule 26(f) conference has come and gone. To that extent, Liberty Mutual's argument is moot.

### 2. **Good Faith Certification**

Federal Rule of Civil Procedure 37(a)(1) governs the filing of motions to compel. Rule 37 permits the filing of a motion to compel only if a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action" is included. Fed. R. Civ. P. 37(a)(1). This requirement encourages resolving discovery disputes without judicial involvement. See Wilson v. Liberty Ins. Underwriters, Inc., 2008 U.S. Dist. LEXIS 39468, *6 (S.D.W.Va. 2008). "Failure to confer or attempt to confer may result in unnecessary motions. When the court must

resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere." Pulsecard, Inc. v. Discover CardServs., Inc., 168 F.R.D. 295, 302 (D. Kan. 1996).

Liberty Mutual argues Plaintiffs have not fulfilled their "good faith" duty because "the only conferring between counsel regarding Liberty Mutual's discovery responses was a very short telephone call...." See Def.'s Resp., Page 6 (Dkt. 17). Liberty Mutual contends it was first apprised of the "alleged deficiencies" in its discovery responses upon the filing of Plaintiffs' Motion to Compel and "not, as often the case, [by setting out the deficiencies] in a letter to counsel...." Id. While the Court is concerned with the substance of Plaintiffs' counsel's phone call to Liberty Mutual, the Court finds Plaintiffs met their duty to confer. Plaintiffs sent Liberty Mutual's counsel a written letter dated September 3, 2010 in an attempt to resolve the discovery dispute prior to seeking judicial intervention. This is sufficient. Moreover, the Federal Rules of Civil Procedure do not provide that the failure to meet and confer automatically results in denial of the motion. Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., 246 F.R.D. 522, 526 (S.D.W.Va. 2007). Accordingly, the Court finds Liberty Mutual's argument to be without merit.

### 3. **Waiver of Liberty Mutual's Objections**

Pursuant to Fed. R. Civ. P. 37(a), a party may move for an order to compel discovery or disclosure from an opposing party where the opposing party fails to respond or where the party's response is evasive or incomplete. Specifically, parties may move for an order compelling an answer to a deposition question, a designation under Rule 30(b)(6) or Rule 31(a)(4), a response to an interrogatory, and a response to a request for production. Fed. R. Civ. P. 37(a)(3)(B)(i)-(iv). To properly file a motion to compel in this Court, a party must submit with the motion a

6

statement setting forth "verbatim each discovery request or disclosure requirement and any response thereto to which an exception is taken." LR Civ P 37.02(a)(1). When a party refuses to produce documents or answer interrogatories during discovery, it has a duty to particularize that objection within the time period provided for discovery responses. Fed. R. Civ. P. 26(b)(5).

Boilerplate objections to discovery requests, including for documents, are inappropriate. See PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D.W.Va. 2004). The Federal Rules of Civil Procedure require particularized objections precisely to allow an opposing party to respond appropriately. Fed. R. Civ. P. 26(g). Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4). While Rule 34 lacks similar waiver provisions, this Court has applied the waiver provision applicable to interrogatories under Rule 33 to document production requests. See Essex Insurance Co. v. Neely, 236 F.R.D. 287 (N.D.W.Va. 2006). As a general rule, untimely objections to discovery requests are waived. Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 12 (1st Cir. 1991). A court may, however, excuse a failure to timely object if it finds good cause shown. Fed. R. Civ. P. 33(b)(4).

In terms of claiming privilege, in diversity cases such as this one, the Court applies state law to issues concerning attorney client privilege and federal law to assertions of the work product doctrine. Nicholas v. Bituminous Cas. Co., 235 F.R.D. 325, 329 n. 2 (N.D.W.Va. 2006).

The West Virginia Supreme Court of Appeals has held there are three elements necessary to the assertion of privilege: "(1) both parties must contemplate that the attorney-client relationship does or will exist; (2) the advice must be sought by the client from the attorney in

7

his capacity as a legal advisor; (3) the communication between the attorney and client must be intended to be confidential." State ex rel. Med. Assur. of W. Va., Inc. v. Recht, 213 W. Va. 457, 466, 583 S.E.2d 80, 89 (2003).

The work product doctrine protects the work of the attorney done in preparation for litigation. Fed. R. Civ. P. 26(b)(3). Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and mental impressions of an attorney. Hickman v. Taylor, 329 U.S. 495, 510, 67 S. Ct. 385 (1947). The Fourth Circuit has described the work product doctrine as follows:

> Under the work product rule, an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation...fact work product is discoverable only upon a showing of both a substantial need an an inability to secure the substantial equivalent of the materials by alternate means without undue hardship. Opinion work product is even more carefully protected, since it represents the thoughts and impressions of hte attorney...an attorney's thoughts are inviolate,...and courts should proceed cautiously when requested to adopt a rule that would have an inhibitive effect on an attorney's freedom to express and record his mental impressions and opinions without fear of having these impressions and opinions used against the client. As a result, opinion work product enjoys nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances.

Chaudhry v. Gallerizzo, 174 F.3d 394, 403 (4th Cir. 1999).

"In showing a substantial need for fact work product, the movant must specifically articulate the necessity for the documents or other tangible things...and must also demonstrate why or how alternative sources for obtaining the substantial equivalent are unavailable." Tustin v. Motorists Mutual Insurance Co., 5:08-cv-111, 2009 U.S. Dist. LEXIS 4853, at *13-14 (N.D. W. Va. Jan. 23, 2009). A non-exhaustive list of factors to be assessed in determining substantial need includes: 1) the importance of the materials to the party seeking them for case preparation; 2) the

difficulty the party will have obtaining them by other means; and 3) the likelihood that the party, even if he obtains the information by independent means, will not have the substantial equivalent of the documents he seeks. Fed. R. Civ. P. 26(b)(3), advisory committee's note, 1970 Amendments.

When a party refuses to produce documents during discovery on the basis that they are privileged or protected, it has a duty to particularize that objection within the 30-day time period provided for discovery responses. Fed. R. Civ. P. 26(b)(5) (2010); Fed. R. Civ. P. 34(b)(2). To qualify as privileged work product, the document must be prepared "because of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation. National Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 984 (4th Cir. 1992). The burden is on the party resisting discovery to show that the documents are protected. See United States v. (Under Seal), 748 F.2d 871, 876 (4th Cir. 1984). LR Civ. P. 26.04, in relevant parts, also provides:

> (a)(1) Waiver: Objections to disclosures or discovery that are not filed within the response time allowed by the Federal Rules of Civil Procedure, the scheduling order(s), or stipulation of the parties pursuant to Fed. R. Civ. P. 29, whichever governs, are waived unless otherwise ordered for good cause shown.
>
> (a)(2)(i)(A) Claims of Privilege: Where a claim of privilege is asserted in objecting to any means of discovery or disclosure including, but not limited to, a deposition, and an answer is not provided on the basis of such assertion [t]he attorney asserting the privilege shall identify the nature of the privilege (including work product) that is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked and certify the attorney had reviewed each document for which privilege is asserted

9

LR Civ. P. 26.04 (a)(1), (2)(i)(A).

"As the attorney-client privilege and the work product exception may result in the exclusion of evidence which is otherwise relevant and material and are antagonistic to the notion of the fullest disclosure of the facts, courts are obligated to strictly limit the privilege and exception to the purpose for which they exist." State ex. rel. United States Fidelity and Guar. Co. v. Canady, 194 W. Va. 431, 438, 460 S.E.2d 677, 684 (1995). The person asserting the privilege has the burden of showing it applies. Id.

Plaintiffs argue Liberty Mutual waived any objections it had to Plaintiffs' requested discovery by untimely answering. In opposition, Liberty Mutual essentially argues sufficient good cause existed to permit Liberty Mutual to file its objections "within three weeks of being due." See Def.'s Resp., Page 7 (Dkt. 17). The "good cause" being "that–when presented with the key documents–[Plaintiffs'] counsel would realize that [Plaintiffs] have no viable claim against Liberty Mutual." Id. The Court finds Liberty Mutual's argument unpersuasive. Discovery is an on-going process and Liberty Mutual had an obligation to answer Plaintiffs' interrogatories and document production requests to the best of its ability. If Liberty Mutual believed the discovery requests to be objectionable it had one of two options available: move for a protective order from the Court or provide specific and articulate objections to such requests. It is well known interrogatory objections not included in a timely response are waived, even if objections are contained in a later untimely response, absent a showing of good cause. Spilotro v. United States, 478 F.2d 1406 (7th Cir. 1973). No party may simply delay answering interrogatories in hopes that opposing counsel will "see the light," so to speak. Liberty Mutual's objections were untimely and the Court declines to find its proffered explanation as to constitute

sufficient "good cause."

Regarding the adequacy of Liberty Mutual's untimely objections to Plaintiffs' discovery requests, the Court finds the objections to be of a general nature. Liberty Mutual concedes in its Response that it responded with the following general objection: "[T]he discovery requests seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible information, in violation of rule 26 of the Rules of Civil Procedure." See Def.'s Resp., Page 8 (Dkt. 17). Boilerplate objections to discovery requests, including for documents, are inappropriate. See PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D.W.Va. 2004). A particularized objection, similar to those Liberty Mutual provided in its Response, would have furthered the goals of the Federal Rules of Civil Procedure: to permit Plaintiffs to adequately respond. Liberty Mutual merely cited the familiar litany without providing insight as to the objectionable qualities of Plaintiffs' discovery requests. General objections are not useful to the Court ruling on a discovery motion, nor does a general objection fulfill Liberty Mutual's burden to explain its objections. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4). While Rule 34 lacks similar waiver provisions, this Court has applied the waiver provision applicable to interrogatories under Rule 33 to document production requests. See Essex Insurance Co. v. Neely, 236 F.R.D. 287 (N.D.W.Va. 2006). The Court finds Liberty Mutual's general objections to Plaintiffs' discovery requests to be insufficient. The Court declines to find good cause as well. Accordingly, Liberty Mutual's discovery objections are waived due to the untimeliness and generalized nature.

C.  Decision

Third-Party Plaintiffs' Motion to Compel is **GRANTED** for the aforementioned reasons.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**
DATED: January 14, 2011                    /s/ *James E. Seibert*
                                           JAMES E. SEIBERT
                                           UNITED STATES MAGISTRATE JUDGE