**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

MICHAEL CAIN and TAMARA CAIN,

       Plaintiffs,

v.                                                Civil Action No. 3:10-cv-109

LIBERTY MUTUAL INSURANCE COMPANY
and MTG & EQUITY FUNDING CORPORATION,

       Defendants.

## ORDER

This matter comes before the Court on Plaintiffs, Michael and Tamara Cain's, Motion to Compel Discovery Answers and Responses from Defendant, Liberty Mutual Insurance Company (hereinafter "Liberty Mutual"), filed October 22, 2010.[1] The Court held an evidentiary hearing and argument on Third-Party Plaintiffs' Motion on November 17, 2010 and an additional evidentiary hearing on Plaintiffs' Motion on March 21, 2011.[2] Plaintiffs, Michael and Tamara Cain, appeared by Laura C. Davis, Esq., by telephone. Defendant, Liberty Mutual, appeared by William M. Harter, Esq., by telephone. Defendant, Mortgage & Equity Funding Corporation (hereinafter "MTG"), appeared by Lucien G. Lewin, Esq., by telephone. No testimony was taken nor was any other evidence adduced.

## I. INTRODUCTION

A.   Background

This action was initially filed on November 19, 2009 in the Circuit Court of Jefferson

---

[1] Dkt. No. 4.

[2] Dkt. Nos. 20 & 57, respectively.

County, West Virginia, seeking recovery for injuries sustained by Plaintiff, Valerie J. Wilheim, while she was present at Defendants'/Third-Party Plaintiffs' home. Liberty Mutual and MTG timely removed to federal court pursuant to 28 U.S.C. § 1446 on July 29, 2009 alleging diversity jurisdiction. On October 22, 2010, Defendants'/Third-Party Plaintiffs, Michael and Tamara Cain, filed a Motion to Compel Discovery Answers and Responses from Liberty Mutual.[3] An evidentiary hearing was held on Defendants'/Third-Party Plaintiffs Motion on November 17, 2010.[4] On November 24, 2010, the Court entered an Order granting, in part, Defendants/Third-Party Plaintiffs Motion to Remand to State Court.[5] The Order remanded to allow the state court to review the settlement for Plaintiff, Valerie J. Wilheim and stated that if the state court approved the settlement and dismissed Plaintiff, Valerie J. Wilheim that this Court would resume jurisdiction over the third-party complaint and would realign the parties as plaintiff versus defendant.[6] On January 14, 2011, the Court issued a memorandum opinion and order granting then Third Party Plaintiffs/Defendants, Michael and Tamara Cains', Motion to Compel Discovery Responses from Liberty Mutual.[7] The Court, on January 21, 2011, granted Michael and Tamara Cains' Motion to Realign the parties.[8] Liberty Mutual timely filed objections to the Order granting Plaintiffs', Michael and Tamara Cain, Motion to Compel on January 28, 2011.

---

[3] Dkt. No. 4.

[4] Dkt. No. 35.

[5] Dkt. No. 28.

[6] Dkt. No. 28.

[7] Dkt. No. 36.

[8] Dkt. No. 40.

Liberty Mutual's objections were sustained by the Court and the ruling was set aside.[9]  Plaintiffs filed a Motion to Reset the Evidentiary Hearing and Argument on Plaintiffs' Motions to Compel on March 8, 2011.[10]  An evidentiary hearing and argument on Plaintiffs' Motions to Compel was held on March 21, 2011.[11]

B.    The Motions

Plaintiffs' Motion to Compel Discovery Answers & Responses from Liberty Mutual Insurance Company.[12]

Plaintiffs' Motion to Reset Evidentiary Hearing on Plaintiffs' Motions to Compel.[13]

C.    Decision

Plaintiffs' Motion to Compel discovery responses from Liberty Mutual is hereby

**<u>GRANTED</u>** because Liberty Mutual's discovery responses were untimely and of a generalized nature.

Defendant, Liberty Mutual, shall respond to Plaintiffs' discovery requests within fourteen (14) days of the date of this Order.

## II.  <u>FACTS</u>

1.    On October 22, 2010, Third-Party Plaintiffs filed a Motion to Compel Discovery

---

[9] Dkt. Nos. 42 & 43, respectively.

[10] Dkt. No. 49.

[11] Dkt. No. 65.

[12] Dkt. No. 4.

[13] Dkt. No. 49.

Answers & Responses from Liberty Mutual Insurance Company.[14]

2.      This Court set an evidentiary hearing and argument on Third-Party Plaintiffs' Motion to Compel on November 3, 2010.[15]

3.      On November 16, 2010, Third-Party Defendant, Liberty Mutual, filed its Response in Opposition to Third-Party Plaintiffs' Motion.[16]

4.      The evidentiary hearing and argument was held on November 17, 2010.[17]

5.      On March 8, 2011, Plaintiffs filed a Motion to Reset Evidentiary Hearing on Plaintiff's Motions to Compel Discovery From Liberty Mutual Insurance Company and MTG & Equity Funding Corporation.[18]

6.      The evidentiary hearing and argument on Plaintiffs' Motion was held on March 21, 2011.

### III.  PLAINTIFFS' MOTION TO COMPEL

A.      <u>Contentions of the Parties</u>

Plaintiffs move for an order compelling Liberty Mutual to respond, fully and completely, to Plaintiffs' discovery requests.  Plaintiffs argue Liberty Mutual was served with interrogatories "concerning Liberty Mutual's breach of its first-party duties to the [Plaintiffs] as well as its violations of the UTPA...." which Liberty Mutual failed to answer timely. <u>See</u> Third-Party Pls.'

---

[14] <u>Id.</u>

[15] Dkt. No. 9.

[16] Dkt. No. 17.

[17] Dkt. No. 20.

[18] Dkt. No. 49.

Mot. to Compel, Page 5 (Dkt. 4). Plaintiffs also contend Liberty Mutual's subsequent objections to Plaintiffs' discovery requests pursuant to W.Va. Code § 33-11-4a are without merit. Plaintiff highlights that Liberty Mutual "failed to provide a verification for its answers to Plaintiffs' interrogatories...[a]lthough Liberty Mutual filed mostly objections...." Id. at 6. Thus, Plaintiffs argue Liberty Mutual's responses must be compelled because its objections are untimely and are also without merit.

In Plaintiffs' Motion to Reset, Plaintiffs contend a telephonic meeting occurred between the parties on February 4, 2011 to discuss the discovery dispute but that, subsequently, no supplementation was made. Accordingly, Plaintiffs contend "all matters set forth in Plaintiffs' respective Motions to Compel against Liberty Mutual...are now ripe for resolution." See Pls.' Mot. to Reset, Pg. 2 (Dkt. 49).

In its opposition to Plaintiffs' Motion to Compel, Liberty Mutual's argument is fourfold. Liberty Mutual argues procedurally that because the parties have yet to confer pursuant to Fed. R. Civ. P. 26(f), Plaintiffs' Motion is premature. Liberty Mutual proffers an additional procedural argument that Plaintiffs did not comply with the "good faith" duty required before filing Plaintiffs' Motion to Compel. Substantively, Liberty Mutual contends its objections should stand because Liberty Mutual's counsel delayed making such objections to allow Plaintiffs' counsel to "realize that [Plaintiffs] have no viable claim against Liberty Mutual...." See Def.'s Resp., Page 7 (Dkt. 17). This, Liberty Mutual contends, constitutes the requisite "good cause" which would absolve the alleged untimeliness. Additionally, Liberty Mutual argues that while Rule 33 of the West Virginia Rules of Civil Procedure provides for waiver, "no similar punishment exists under Rule 34." Id. Liberty Mutual ultimately maintains its discovery

responses were proper and are a sufficient basis for the Court to deny Plaintiffs' Motion.

Liberty Mutual did not respond to Plaintiffs' Motion to Reset. At the evidentiary hearing, Liberty Mutual advised it was "happy to stand on [its] earlier argument [given in the evidentiary hearing held November 17, 2010];" however, it did proffer two additional arguments at the subsequent evidentiary hearing. See Transcript, pg. 10 (Dkt. 65). First, Liberty Mutual contends the objections in its Response to Plaintiffs' Motion to Compel were the same objections raised in Liberty Mutual's responses to Plaintiffs' discovery requests and, therefore, were specific objections. Id. at 7. Liberty Mutual also argues the waiver provisions in the Federal Rules of Civil Procedure are inapplicable and that West Virginia state court rules govern the discovery process because Plaintiffs' discovery was propounded when the action was pending in state court. Id. at 8. Liberty Mutual argues there is no comparable state court rule providing for waiver of untimely objections to document production requests. Therefore, Liberty Mutual asserts that it cannot "be deemed to have waived objections to document requests because the federal rule didn't apply and because there is no similar state rule." Id. at 9.

B.      Discussion

1.      **Timeliness of Liberty Mutual's Objections**

Pursuant to Fed. R. Civ. P. 37(a), a party may move for an order to compel discovery or disclosure from an opposing party where the opposing party fails to respond or where the party's response is evasive or incomplete. Specifically, parties may move for an order compelling an answer to a deposition question, a designation under Rule 30(b)(6) or Rule 31(a)(4), a response to an interrogatory, and a response to a request for production. Fed. R. Civ. P. 37(a)(3)(B)(i)-

(iv).  To properly file a motion to compel in this Court, a party must submit with the motion a statement setting forth "verbatim each discovery request or disclosure requirement and any response thereto to which an exception is taken."  LR Civ P 37.02(a)(1).  When a party refuses to produce documents or answer interrogatories during discovery, it has a duty to particularize that objection within the time period provided for discovery responses. Fed. R. Civ. P. 26(b)(5).

Plaintiffs argue Liberty Mutual waived any objections it had to Plaintiffs' requested discovery by untimely answering.  In opposition, Liberty Mutual essentially argues sufficient good cause existed to permit Liberty Mutual to file its objections "within three weeks of being due."  See Def.'s Resp., Page7 (Dkt. 17).  The "good cause" being "that–when presented with the key documents–[Plaintiffs'] counsel would realize that [Plaintiffs] have no viable claim against Liberty Mutual."  Id.  The Court finds Liberty Mutual's argument unpersuasive. Discovery is an on-going process and Liberty Mutual had an obligation to answer Plaintiffs' interrogatories and document production requests to the best of its ability.  If Liberty Mutual believed the discovery requests to be objectionable, it had one of two options available: move for a protective order from the Court or provide timely specific and articulate objections to such requests as well as a privilege log.  Liberty Mutual did not take such action.  It is well known interrogatory objections not included in a timely response are waived, even if objections are contained in a later untimely response, absent a showing of good cause. Spilotro v. United States, 478 F.2d 1406 (7th Cir. 1973).  No party may simply delay answering interrogatories in hopes that opposing counsel will "see the light," so to speak.  Liberty Mutual's objections were untimely and the Court declines to find its proffered explanation as to constitute sufficient "good cause."

### 2. Adequacy of Liberty Mutual's Objections

Boilerplate objections to discovery requests, including for documents, are inappropriate. See PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 293 (N.D.W.Va. 2004). The Federal Rules of Civil Procedure require particularized objections precisely to allow an opposing party to respond appropriately. Fed. R. Civ. P. 26(g). Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4). While Rule 34 lacks similar waiver provisions, this Court has applied the waiver provision applicable to interrogatories under Rule 33 to document production requests. See Essex Insurance Co. v. Neely, 236 F.R.D. 287 (N.D.W.Va. 2006). As a general rule, untimely objections to discovery requests are waived. Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 12 (1st Cir. 1991). A court may, however, excuse a failure to timely object if it finds good cause shown. Fed. R. Civ. P. 33(b)(4).

In terms of claiming privilege, in diversity cases such as this one, the Court applies state law to issues concerning attorney client privilege and federal law to assertions of the work product doctrine. Nicholas v. Bituminous Cas. Co., 235 F.R.D. 325, 329 n. 2 (N.D.W.Va. 2006).

The West Virginia Supreme Court of Appeals has held there are three elements necessary to the assertion of privilege: "(1) both parties must contemplate that the attorney-client relationship does or will exist; (2) the advice must be sought by the client from the attorney in his capacity as a legal advisor; (3) the communication between the attorney and client must be intended to be confidential." State ex rel. Med. Assur. of W. Va., Inc. v. Recht, 213 W. Va. 457, 466, 583 S.E.2d 80, 89 (2003).

The work product doctrine protects the work of the attorney done in preparation for

litigation. Fed. R. Civ. P. 26(b)(3). Not even the most liberal of discovery theories can justify

unwarranted inquiries into the files and mental impressions of an attorney. <u>Hickman v. Taylor</u>,

329 U.S. 495, 510, 67 S. Ct. 385 (1947). The Fourth Circuit has described the work product

doctrine as follows:

> Under the work product rule, an attorney is not required to divulge,
> by discovery or otherwise, facts developed by his efforts in
> preparation of the case or opinions he has formed about any phase of
> the litigation...fact work product is discoverable only upon a showing
> of both a substantial need an an inability to secure the substantial
> equivalent of the materials by alternate means without undue
> hardship. Opinion work product is even more carefully protected,
> since it represents the thoughts and impressions of hte attorney...an
> attorney's thoughts are inviolate,...and courts should proceed
> cautiously when requested to adopt a rule that would have an
> inhibitive effect on an attorney's freedom to express and record his
> mental impressions and opinions without fear of having these
> impressions and opinions used against the client. As a result, opinion
> work product enjoys nearly absolute immunity and can be discovered
> only in very rare and extraordinary circumstances.

<u>Chaudhry v. Gallerizzo</u>, 174 F.3d 394, 403 (4th Cir. 1999).

"In showing a substantial need for fact work product, the movant must specifically articulate the

necessity for the documents or other tangible things...and must also demonstrate why or how

alternative sources for obtaining the substantial equivalent are unavailable." <u>Tustin v. Motorists

Mutual Insurance Co.</u>, 5:08-cv-111, 2009 U.S. Dist. LEXIS 4853, at *13-14 (N.D. W. Va. Jan.

23, 2009). A non-exhaustive list of factors to be assessed in determining substantial need

includes: 1) the importance of the materials to the party seeking them for case preparation; 2) the

difficulty the party will have obtaining them by other means; and 3) the likelihood that the party,

even if he obtains the information by independent means, will not have the substantial equivalent

of the documents he seeks. Fed. R. Civ. P. 26(b)(3), advisory committee's note, 1970

Amendments.

When a party refuses to produce documents during discovery on the basis that they are privileged or protected, it has a duty to particularize that objection within the 30-day time period provided for discovery responses. Fed. R. Civ. P. 26(b)(5) (2010); Fed. R. Civ. P. 34(b)(2). To qualify as privileged work product, the document must be prepared "because of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation. National Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 984 (4th Cir. 1992). The burden is on the party resisting discovery to show that the documents are protected. See United States v. (Under Seal), 748 F.2d 871, 876 (4th Cir. 1984). LR Civ. P. 26.04, in relevant parts, also provides:

> (a)(1) Waiver: Objections to disclosures or discovery that are not filed within the response time allowed by the Federal Rules of Civil Procedure, the scheduling order(s), or stipulation of the parties pursuant to Fed. R. Civ. P. 29, whichever governs, are waived unless otherwise ordered for good cause shown.

> (a)(2)(i)(A) Claims of Privilege: Where a claim of privilege is asserted in objecting to any means of discovery or disclosure including, but not limited to, a deposition, and an answer is not provided on the basis of such assertion [t]he attorney asserting the privilege shall identify the nature of the privilege (including work product) that is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked and certify the attorney had reviewed each document for which privilege is asserted

LR Civ. P. 26.04 (a)(1), (2)(i)(A).

"As the attorney-client privilege and the work product exception may result in the exclusion of evidence which is otherwise relevant and material and are antagonistic to the notion

of the fullest disclosure of the facts, courts are obligated to strictly limit the privilege and exception to the purpose for which they exist." State ex. rel. United States Fidelity and Guar. Co. v. Canady, 194 W. Va. 431, 438, 460 S.E.2d 677, 684 (1995). The person asserting the privilege has the burden of showing it applies. Id.

Regarding the adequacy of Liberty Mutual's untimely objections to Plaintiffs' discovery requests, the Court finds Liberty Mutual's objections to be of a general nature despite Liberty Mutual's argument to the contrary. In Liberty Mutual's Responses to Plaintiffs' First Set of discovery requests, the first page states a general objection to specific interrogatories and document production requests. Specifically, Liberty Mutual objected "on the grounds that the discovery requests seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible information, in violation of Rule 26 of the Rules of Civil Procedure." See Pls.' Mot. to Compel, Exhibit D (Dkt. 4). While Liberty Mutual contends it provided specific objections in its discovery responses, the Court still finds Liberty Mutual at odds with the procedural rules. For example, in Liberty Mutual's discovery response to Interrogatory 1, Liberty Mutual objects on the grounds that the interrogatory is "compound," and "overly broad." Id. at 2. The details Liberty Mutual provides regarding why the request is objectionable does not permit the Plaintiffs to respond adequately nor is it useful to the Court in ruling on a discovery motion. Liberty Mutual also objects to multiple discovery requests on the grounds that the "interrogatory only seeks information which would be discoverable if the [Plaintiffs] had a viable claim for 'bad faith' or violation of the Unfair Trade Practices Act." Id. at 3, 6. Liberty Mutual's responses to this effect are improper. It attempts to make a unilateral decision of law that is reserved to the Court alone. Under both the West Virginia Rules of Civil

Procedure and the Federal Rules of Civil Procedure, discovery is broad and is only limited to the extent that the information sought is not reasonably calculated to lead to the discovery of admissible evidence. The purpose of discovery is to "flush out" Plaintiffs' claims and Defendant's defenses. The proper course of action for Liberty Mutual would have been to seek a protective order from the Court or to file a Motion to Strike. Lastly, Liberty Mutual objects to responding to several of Plaintiffs' discovery requests on the grounds that the information sought is "protected from disclosure by the attorney client and work product privilege." Id. at 8, 9. Liberty Mutual, however, did not submit a privilege log to permit the court to adjudge the veracity of Liberty Mutual's assertions of privilege. Under both the West Virginia and Federal Rules of Civil Procedure, any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. See W. Va. R.C.P. 33; Fed. R. Civ. P. 33. While Fed. R. Civ. P. 34 and its West Virginia counterpart lack similar waiver provisions, the Court has leeway in Fed. R. Civ. P. 37 and W. Va. R.C.P. 37 to impose discovery sanctions as the Court deems appropriate. Accordingly, the Court finds Liberty Mutual's responses to Plaintiffs' discovery requests to be insufficient. The Court, additionally, declines to find good cause. Therefore, Liberty Mutual's discovery objections are waived due to the untimeliness and generalized nature.

C.     Decision

Plaintiffs' Motion to Compel discovery responses from Liberty Mutual is hereby **GRANTED** because Liberty Mutual's discovery responses were untimely and of a generalized nature.

Defendant, Liberty Mutual, shall respond to Plaintiffs' discovery requests within fourteen

(14) days of the date of this Order.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**
DATED: May 13, 2011                          /s/ *James E. Seibert*
                                             JAMES E. SEIBERT
                                             UNITED STATES MAGISTRATE JUDGE